UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| J.M., a minor, by and through his guardian ad litem Christopher Martinez, individually and as successor-in-interest to Alberto Wayne Martinez, deceased; TAMMY MARTINEZ, individually; MANUEL MARTINEZ, individually,<br><br>            Plaintiffs,<br><br>    v.<br><br>COUNTY OF TEHAMA, a governmental entity; and DOES ONE through TEN, individually,<br><br>            Defendant. | No. 2:19-cv-02297 WBS DMC<br><br>ORDER APPROVING MINOR'S COMPROMISE |

----oo0oo----

Plaintiffs J.M., a minor, by and through his guardian ad litem Christopher Martinez, and Tammy and Manuel Martinez, individually, brought this action against the County of Tehama and two sheriff's deputies alleging, inter alia, that defendants used excessive force in arresting decedent Alberto Wayne Martinez

1

and violated the survivors' Fourteenth Amendment right to familial association with him.  (Docket No. 1.)  The parties' stipulated to dismissal of the action with prejudice as to all parties and all claims on April 30, 2020.  (Docket No. 24.)  The court ordered the plaintiffs to file a properly noticed motion for minor's compromise pursuant to Local Rule 202(b) and 230 before the action was dismissed.  (Docket No. 25.)  This motion followed.  (Mot. (Docket No. 28).)

   Under the Eastern District of California's Local Rules, the court must approve the settlement of the claims of a minor.  E.D. Cal. L.R. 202(b).  The party moving for approval of the settlement must provide the court "information as may be required to enable the [c]ourt to determine the fairness of the settlement or compromise[.]"  Id. at L.R. 202(b)(2); see also Robidoux v. Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011) (stating that district courts have a duty "to safeguard the interests of minor plaintiffs" that requires them to "determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable[.]").  District courts must "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases."  Id. at 1181-82.

   Under the proposed settlement, each party will waive its claim to attorneys' costs and fees.  (Mot. at 2.)  None of the plaintiffs, including minor J.M., will receive compensation.  (Id.)  In the absence of recovery by any of the other parties, it is reasonable for J.M. to receive no compensation.  Indeed, as the

2

parties recognize and as the court now notes, there is a substantial likelihood that the jury would reject J.M.'s claims, leading to the taxation of statutory costs against him. (Id.) It is therefore within J.M.'s best interest to dismiss the case.

The court, after considering all of the relevant papers, finds the settlement is fair, reasonable, and in the best interest of minor J.M., despite the fact that he will receive no compensation. See E.D. Cal. L.R. 202(b); see also Bonilla-Chirinos v. City of West Sacramento, 2:15-cv-02465-WBS-EFB, at *4 (E.D. Cal. Jan. 15, 2020) (approving minor's compromise "notwithstanding the fact that [the minor] will receive no compensation."). Accordingly, the court will approve the settlement of plaintiffs' claims against defendant and will grant plaintiffs' Motion to Approve Minor's Compromise.

IT IS THEREFORE ORDERED that the Motion to Approve Minor's Compromise (Docket No. 28) be, and the same hereby is, GRANTED.

Dated: June 25, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3